**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **CLEAN AIR COUNCIL** | ) | |
| 135 South 19th Street, Suite 300 | ) | |
| Philadelphia, PA 19103 | ) | Civil Action No. 2:23-cv-794 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SHELL CHEMICAL APPALACHIA, LLC** | ) | |
| 300 Frankfort Road | ) | |
| Monaca, PA 15061 | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

<u>**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**</u>

Plaintiff, Clean Air Council, through its undersigned counsel, files this Motion to Strike Certain Affirmative Defenses. Plaintiff and Defendant met to discuss this motion on August 1, 2023. Plaintiff does not oppose granting Defendant leave to amend the Affirmative Defenses to address the deficiencies set forth below.  In support of this motion, Plaintiff states as follows:

1.      Plaintiff, Clean Air Council, filed a complaint on May 11, 2023 alleging that Defendant, Shell Chemical Appalachia, LLC, has violated, is violating, and will continue to violate, the Clean Air Act and the Pennsylvania Air Pollution Control Act at Defendant's Shell Polymers Monaca Site, located at 300 Frankfort Road, Monaca, Beaver County, Pennsylvania 15061. (Dkt. 1).

2.      On July 11, 2023, Defendant filed an Answer and Affirmative Defenses to the Plaintiff's Complaint, asserting thirty Affirmative Defenses, many of which are invalid, plainly insufficient, or duplicative. (Dkt. No. 17, Answer).

3.      Plaintiff hereby moves to strike Defendant's Second, Third, Fourth, Sixth, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Seventeenth, Eighteenth, Twenty-Fifth, Twenty-Seventh,

Twenty-Eighth, and Twenty-Ninth Affirmative Defenses from Defendant's Answer to the Complaint for Declaratory Judgement and Injunctive Relief.

4.      Defendant's Second, Third, Sixth, Eleventh, Twelfth, Seventeenth, Twenty-Fifth, and Twenty-Ninth Affirmative Defenses are plainly insufficient, as each is a one-sentence, conclusory allegation that lacks any statement of facts and fails to provide Plaintiff with sufficient notice of the nature of the defense.

5.      Defendant's Tenth, Thirteenth, and Eighteenth Affirmative Defenses are denials that are not proper affirmative defenses.

6.      Defendant's Fourth, Eighth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Affirmative Defenses are insufficient as a matter of law.

7.      Defendant's Sixth Affirmative Defense is redundant.

8.      Absent an order from this Court, Defendant's challenged Affirmative Defenses will prejudice Plaintiff. Plaintiff will be required to dedicate time and resources, including limited discovery requests, to ascertain the nature of Defendant's allegations and whether these issues are material to the litigation.

WHEREFORE, Plaintiff respectfully requests that the Court enter the attached, proposed Order striking Defendant's Second, Third, Fourth, Sixth, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Seventeenth, Eighteenth, Twenty-Fifth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Affirmative Defenses from Defendant's Answer to the Complaint for Declaratory Judgement and Injunctive Relief. Plaintiff does not oppose granting Defendant leave to amend the Affirmative Defenses to address the deficiencies.

Respectfully submitted on this 1st day of August 2023,

/s/ Sarah Kula
Sarah Kula
Jennifer Duggan
Lisa Widawsky Hallowell
Bar ID No. PA207983
Environmental Integrity Project
1000 Vermont Ave NW, Suite 1100
Washington, DC 20005
(202) 599-9786
skula@environmentalintegrity.org
jduggan@environmentalintegrity.org
lhalowell@environmentalintegrity.org

*Counsel for Plaintiff*